IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| CARDIOGRIP CORPORATION, | ) | |
| CARDIOGRIP IPH, INC., and | ) | Case No. CV-05-354-E-BLW |
| INTERMOUNTAIN MANAGEMENT | ) | (Lead Case) |
| GROUP, INC., | ) | |
| | ) | Case No. CV-05-444-E-BLW |
| Plaintiffs/Counterclaim | ) | (Consolidated Case) |
| Defendants, | ) | |
| | ) | MEMORANDUM |
| v. | ) | DECISION AND ORDER |
| | ) | |
| MD SYSTEMS, INC., and MUELLER | ) | |
| & SMITH, L.P.A., | ) | |
| | ) | |
| Defendants/Counterclaimant/ | ) | |
| Third Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STEVEN M. WOOD. | ) | |
| | ) | |
| Third Party Defendant. | ) | |

**INTRODUCTION**

Pending before the Court is defendant Mueller & Smith's motion to dismiss

for lack of personal jurisdiction.  Judge Thomas G. Nelson issued a tentative ruling

on August 8, 2006, heard oral argument on August 15, 2006, and ordered further

briefing.  That briefing was received but no final decision was issued because the

parties requested a stay to attempt settlement.  They were unable to settle the case, and the stay was lifted on December 12, 2006.  The motion has now been transferred back to this Court and is at issue.  For the reasons expressed below, the Court will grant the motion.

## BACKGROUND

Plaintiffs CardioGrip Corp., CardioGrip IPH, and Intermountain Management Group (hereinafter collectively referred to as Cardiogrip) are Idaho corporations.  They sued MD Systems and Mueller & Smith, an Ohio law firm. The complaint alleges that MD systems assigned patents to Cardiogrip knowing that the patents had lapsed due to the negligence of Mueller & Smith, attorneys for MD Systems.

The assignment of the patents between MD Systems and Cardiogrip occurred in January of 2005.  Soon after the assignment, Cardiogrip discovered that the patents had earlier lapsed because certain maintenance fees were never paid, and Cardiogrip complained to MD Systems.  In an attempt to revive the patents, Mueller & Smith petitioned the United States Patent and Trademark Office (USPTO) in April of 2005, requesting delayed acceptance of the maintenance fees. The patent office denied the petition in August 2005, prompting Cardiogrip to file this suit against MD Systems and Mueller & Smith.

Mueller & Smith seeks dismissal on the ground that this Court has no personal jurisdiction over the firm.  In support of its motion, the firm filed the affidavit of its Managing Principal, Jerry K. Mueller, Jr., who states that the firm has never represented any Idaho clients and never "represented nor performed any legal work for [Cardiogrip]."  *See Mueller Affidavit* at ¶ 12, p. 3.

## STANDARD OF REVIEW

In ruling on this motion, the Court must take Cardiogrip's uncontroverted allegations in the complaint as true and resolve factual disputes in affidavits in its favor.  *See Dole Food Co*., *Inc*. *v*. *Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002).  However, where MD Systems offers evidence in support of its motion, Cardiogrip may "not simply rest on the bare allegations of its complaint."  *Amba Mktg*. *Sys., Inc*. *v*. *Jobar Int'l, Inc*., 551 F.2d 784, 787 (9th Cir. 1977); *see Data Disk, Inc*. *v*. *Sys*. *Tech*. *Assocs*., 557 F.2d 1280, 1284 (9th Cir. 1977) (holding that the Court "may not assume the truth of allegations in a pleading which are contradicted by affidavit").  In that instance, Cardiogrip must "come forward with facts, by affidavit or otherwise," in response to [MD Systems'] version of the facts.  *Amba Mktg*. *Sys., Inc*., 551 F.2d at 787.

Cardiogrip bears the burden of proving that the Court has personal jurisdiction over MD Systems.  *Rano v. Sipa Press, Inc.,* 987 F.2d 580 (9th Cir.

1995).   If the Court decides the matter on affidavits and depositions – without an evidentiary hearing – Cardiogrip need only establish a *prima facie* showing of jurisdictional facts to withstand a motion to dismiss.  *Ballard v. Savage,* 65 F.3d 1495 (9th Cir. 1995).  But the issue remains alive for trial where Cardiogrip must prove personal jurisdiction by a preponderance of the evidence. *Rano,* 987 F.2d at 587 n. 3.

If Cardiogrip makes a *prima facie* case (1) that MD Systems has purposefully directed its activities at the forum state and (2) has shown that the claim against MD Systems grows out of or relates to MD System's forum-related activities, then the burden shifts to MD Systems to make a "compelling case" that the exercise of jurisdiction would be unfair or unreasonable.  *See, Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 477 (1985).[1]

The "purposeful availment" requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts.  *Id*. at 475 (internal quotations omitted).  "[P]rior negotiations, and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing" are the factors that must be examined in

---

[1]  Cardiogrip concedes that there is no basis upon which the Court can exercise general jurisdiction over Mueller & Smith, and thus the Court's discussion will focus exclusively on the requirements of specific jurisdiction.

**Memorandum Decision and Order – Page 4**

determining whether "the defendant purposefully established minimum contacts within the forum." *Id*. at 479.

## ANALYSIS

Judge Nelson's Tentative Decision resolves the initial arguments of counsel, and the Court agrees with that analysis. The Court will therefore adopt that Tentative Decision as its own decision.

After the issuance of the Tentative Decision, and after oral argument, the parties submitted further briefing at Judge Nelson's direction focusing on an issue not previously covered. In this new argument, Cardiogrip contends that Mueller & Smith represented Cardiogrip in the United States Patent and Trademark Office (USPTO), and that this provides the necessary contacts between the firm and Idaho to support personal jurisdiction.

There is no evidence of any attorney-client agreement between the firm and Cardiogrip. In asserting that a relationship existed, Cardiogrip relies entirely on the operation of certain regulations unique to the USPTO. Under those regulations, an applicant for a patent may either represent himself or "give a power of attorney so as to be represented by one or more patent practitioners or joint inventors." 37 C.F.R. § 1.32.

When MD Systems applied for the patents at issue here, it gave a power of

**Memorandum Decision and Order – Page 5**

attorney under this regulation to Mueller & Smith.  The later assignment of the

patent, by itself, did not operate to revoke the power of attorney.  37 C.F.R. § 1.36

(a).  That regulation does allow the assignee to file a revocation and appoint new

counsel.  In addition, a registered patent attorney may withdraw from a power of

attorney "upon application to and approval by the Director."  37 C.F.R. § 1.36(b).

   Cardiogrip points out that after the assignment, it did not revoke the earlier

power of attorney and the firm did not withdraw.  Therefore, by automatic

operation of these regulations, Mueller & Smith was now authorized to represent

Cardiogrip before the USPTO.  This was no surprise to the firm, Cardiogrip

asserts, because it knew that the patent was being assigned to Cardiogrip.  *See*

*Jerry Mueller Affidavit* at ¶ 11, p. 3 ("Mueller & Smith, on behalf of MD Systems,

reviewed limited documents related to the transfer of intellectual property").

Cardiogrip contends that these circumstances justify the exercise of personal

jurisdiction over the firm.

   The Court disagrees.  First, the firm has had no contact whatsoever with

Cardiogrip.  Second, the power of attorney does not create an attorney-client

relationship.  *Sun Studs, Inc. v. Applied Theory Associates, Inc.,* 772 F.2d 1557,

1568 (9th Cir. 1985) (stating that "[g]eneral principles of agency law indicate that a

power of attorney does not *ipso facto* create an attorney-client relationship"); *see*

**Memorandum Decision and Order – Page 6**

*also*, *In re Yarn Processing Patent Validity Litigation*, 530 F.2d 83, 90 (5th Cir. 1976) (stating that "[a]ssignment of the patent does not assign [counsel] along with it . . . [because] [t]he relationship between an attorney and his client is personal"); *Telectronics Proprietary, Ltd. v. Medtronic, Inc.,* 836 F.2d 1332, 1338 (Fed. Cir. 1988) (stating that "attorneys represent clients – not legal positions or patents"). Indeed, when Cardiogrip filed a "Patent Assignment" with the USPTO notifying them of the assignment, the document was filed by Cardiogrip's own law firm, not Mueller & Smith. *See Attachment #1 to Reply Brief.*[2]

Whatever the relationship, it was created solely by the assignment – an agreement to which the firm was not a party – and the subsequent automatic operation of regulations. The relationship was not created by any forum-directed activity of the firm. The unilateral actions of others cannot create personal jurisdiction over the firm. *See Burger King,* 471 U.S. at 475.

Cardiogrip argues, however, that the firm was acting on its behalf when it filed the maintenance fee petition. Judge Nelson answered this in his Tentative Decision by finding that Cardiogrip does not assert that the filing of that petition in any way damaged Cardiogrip. The Court agrees with that analysis.

For all these reasons, the Court will grant the motion to dismiss.

---

[2] In the absence of a motion to strike, the Court will consider this late-filed material.

**Memorandum Decision and Order – Page 7**

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to dismiss (Docket No. 36) is GRANTED and defendant Mueller & Smith is DISMISSED from this consolidated action.

IT IS FURTHER ORDERED, that this Court adopts in full the Tentative Decision (Docket No. 45).

DATED:  **January 4, 2007**

B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order – Page 8**