IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CARDIOGRIP CORPORATION, CARDIOGRIP IPH, INC., and INTERMOUNTAIN MANAGEMENT GROUP, INC., <br><br>　　　　Plaintiffs/Counterclaim <br>　　　　Defendants, <br><br>　v. <br><br>MD SYSTEMS, INC., and MUELLER & SMITH, L.P.A., <br><br>　　　　Defendants/Counterclaimant/ <br>　　　　Third Party Plaintiff, <br><br>　v. <br><br>STEVEN M. WOOD. <br><br>　　　　Third Party Defendant. | Case No. CV-05-354-E-BLW (Lead Case) <br><br>Case No. CV-05-444-E-BLW (Consolidated Case) <br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

The Court has before it Cardiogrip's motion for extension of the deadlines in this case. The motion is fully briefed and at issue. The Court will grant the motion for the reasons expressed below.

**Memorandum Decision and Order – Page 1**

## ANALYSIS

A pretrial scheduling order can be modified only "upon a showing of good cause." *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). Modification is warranted "if [the deadlines] cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* If the party seeking the modification "was not diligent, the inquiry should end" and the motion to modify should not be granted. *Id.*

This case was stayed between October 12 and December 12 of 2006 to allow the parties to conduct settlement negotiations. In a series of e-mails at the end of November of 2006, counsel discussed extending the deadlines that were fast approaching. Specifically, plaintiff Cardiogrip had to disclose its experts by December 12, 2006, the same day that the stay expired.

In the e-mail string, Cardiogrip's counsel suggested to MD Systems' counsel extending the deadlines by 3 weeks. *See Exhibit A to Affidavit of Drake* at p. 2. MD Systems' counsel responded on November 30, 2006, that "2-3 months would best serve all parties." *Id.* at p. 1. The same day, Cardiogrip's counsel responded that "I don't necessarily disagree with your suggestion of 2-3 months." *Id.*

On December 8, 2006, MD Systems' President Michael Smyser e-mailed John Griffiths and Steve Wood, officers of Cardiogrip, that MD Systems was

**Memorandum Decision and Order – Page 2**

"generally agreeable to shifting the court schedule again pending outcomes of these settlement discussions to a point where it appears we can glue together a revision to the Draft Settlement Agreement which makes sense to everyone." *See Exhibit A to Response Brief.*[1]  This indicates a willingness to agree to the extensions.  However, the e-mail sends a mixed message.  At its end, Smyser states that because it is unclear whether the Court would grant any further extensions, it "was prudent to submit to the existing schedule pressures even though our progress through last Friday [on settlement] was substantial."  *Id.*  Smyser seems to be saying that while MD Systems would be willing to agree to extensions, the Court might not, and hence it would be "prudent" to follow the Court's schedule. Ultimately, MD Systems refused to agree to any extension and Cardiogrip filed the present motion on December 13, 2006, a day after the expert disclosure deadline.

      The Court finds that Cardiogrip has shown the diligence necessary to establish good cause for an extension.  The record shows that the parties diligently attempted to settle this case during the stay period.  While sending some mixed messages, the overall tone of MD Systems' e-mails indicated a willingness to agree to some type of extension.  At the very least, Cardiogrip's counsel was not

---

[1] In the absence of a motion to strike, the Court will consider this e-mail even though it was not attached to an affidavit.

**Memorandum Decision and Order – Page 3**

unreasonable in believing that an agreement to extend could be reached and that a motion to extend would be unnecessary. Thus, the failure to file the motion earlier was not due to a lack of diligence. Finally, a motion to dismiss by defendant Mueller & Smith has just been resolved today, and this provides further support for an extension under these circumstances. The Court will therefore grant the motion, although the Court will give a 90-day extension rather than the 120-day extension requested.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for extension (docket no. 60) is GRANTED and that (1) Cardiogrip disclose its trial experts on or before April 6, 2007;

(2) responsive expert disclosures shall be due on or before May 11, 2007 and rebuttal expert disclosures shall be due on or before May 29, 2007; (3) non-expert discovery shall be completed on or before May 11, 2007; (4) expert depositions

**Memorandum Decision and Order – Page 4**

shall be completed on or before June 29 2007; and (5) dispositive motions shall be due on or before July 27, 2007.



DATED: **January 4, 2007**

B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order – Page 5**